*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2014-480

MAY TERM, 2015

| | | |
|---|---|---|
| Alice Ann O'Brien | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Bennington Unit, |
| v. | } | Family Division |
| | } | |
| | } | |
| William Henkel | } | DOCKET NO. 295-10-03 Bndm |
| | | |
| | | Trial Judge: William D. Cohen |

In the above-entitled cause, the Clerk will enter:

Plaintiff ex-wife appeals orders of the superior court, family division denying her motion for contempt and her request for attorney's fees in this post-judgment divorce action. We affirm.

Following a long-term marriage, the parties were divorced in January 19, 2005. One provision of the final divorce order required defendant ex-husband to pay plaintiff one-half of distributions from a deferred-compensation plan. The provision also required defendant to provide plaintiff with copies of all distribution documents and related 1099 forms, and to name plaintiff as the irrevocable beneficiary to one-half of the plan. The provision stated that distributions from the plan given to plaintiff would be considered spousal maintenance for income tax purposes, but could not be modified. The final order required defendant to pay wife maintenance in the amount of a specified percentage of earnings above a specified monthly income should he elect to return to work, but that his maintenance obligation would cease when he reached seventy-two years of age.

A lengthy history of post-judgment litigation ensued in the fall of 2010 when plaintiff filed a motion to enforce provisions of the final divorce order. In May 2012, the superior court ordered defendant to pay plaintiff nearly $60,000 in maintenance payments owed through 2010, plus $35,000 in interest. The court also ordered defendant to provide plaintiff with all documentation required under the 2005 final order. In November 2012, plaintiff filed renewed motions for enforcement and contempt. On March 13, 2013, following a hearing held in December 2012, the family division issued a decision that denied plaintiff's motions in part and granted them in part. The court found defendant in contempt for not giving plaintiff 2011 distributions in a timely manner and for not providing plaintiff with documentation as ordered by the court. The court directed defendant to: (1) pay plaintiff any remaining amount due from the 2011 deferred-compensation distributions; (2) pay plaintiff any remaining amount due for the

2012 deferred-compensation distributions; (3) provide plaintiff with written documentation of his deferred-compensation distributions for 2011 and 2012; (4) provide plaintiff with full documentation of his federal tax returns and schedules for 2011 and 2012; (5) provide plaintiff with proof that she had been made a 50% irrevocable beneficiary of his deferred-compensation plan; (6) pay plaintiff $4000 in attorney's fees; (7) pay plaintiff her share of the 2013 deferred-compensation distributions within ten days of receiving them; (8) provide plaintiff with copies of statements from a college savings fund set up under § 529 of the Internal Revenue Code for their daughter; and (9) comply with all provisions of the final divorce order and subsequent orders as to providing documentation.

In June 2014, plaintiff filed another motion for contempt and attached an affidavit detailing the ways in which defendant had failed to comply with each of the nine directives in the family division's March 13, 2013 order. Pursuant to the court's order, defendant filed a verified answer, which included documentation of his compliance with each of those nine directives. On October 29, 2014, the family division held a non-evidentiary hearing in which the attorneys presented oral argument and the court asked questions of both parties, who were not sworn in to testify. At the hearing, defendant stated that he had not paid distributions to plaintiff following his seventy-second birthday because the final order stated that those distributions were to be treated as maintenance for tax purposes, and his maintenance obligation terminated under the order on his seventy-second birthday in June 2013. In a brief decision on a motion-reaction form filed on November 19, 2014, the family division ruled that defendant still had an obligation to pay plaintiff distributions from the deferred-compensation plan, even though those distributions had been treated as maintenance for tax purposes and his maintenance obligation had ceased. That same day, defendant filed a motion for a protective order. On December 17, 2014, the court denied that motion in a motion-reaction form, noting that it had denied plaintiff's motion for contempt and request for attorney's fees on the record at the October 29, 2014 hearing.

Plaintiff appeals from these orders, arguing that the family division erred by not ruling on the multiple violations of the March 13, 2013 order that she enumerated in her affidavit attached to her motion for contempt. Plaintiff asserts that the principal concern she voiced at the hearing was her need to obtain information concerning defendant's finances but that the court did not address this concern. Plaintiff contends that the court erred by not hearing the entirety of the evidence and not fully addressing her allegations of defendant's noncompliance with the March 13, 2013 order. She asks this Court to modify the family division's ruling by finding defendant in contempt, sanctioning him, and directing him to comply completely with the March 13, 2013 order. She also seeks attorney's fees incurred in bringing her motion for contempt.

We find these arguments unavailing. Plaintiff's attorney initially stated at the October 29 hearing that plaintiff was prepared to give testimony to explain the bases of her motion. Defendant's attorney insisted that defendant had complied with each of the directives from the March 13, 2013 order, as set forth in his detailed response to plaintiff's motion for contempt. Plaintiff's attorney responded that the documentation his client had received was incomplete and suggested that defendant may have transferred some of the funds from the deferred-compensation plan to prevent plaintiff from receiving them. At one point plaintiff interjected

that she wanted to know what marital assets defendant had withheld at the time of the divorce. The court stated that it was not going back to the divorce, but instead would focus only on the deferred-compensation provision in the 2005 final order and the directives in the March 13, 2013 order.

Toward the conclusion of the two-hour hearing, the court stated that it would issue a short entry order just to make clear that defendant still had an obligation to give wife one-half of any deferred-compensation distributions, notwithstanding that he had reached his seventy-second birthday. The court indicated that it was not going to issue a contempt order and that the only provision requiring compliance was the one in the final divorce order directing defendant to give plaintiff one-half of the distributions from his deferred-compensation plan. Plaintiff's attorney then requested that plaintiff be awarded attorney's fees. The court responded that it was going to deny that request, stating that the provision in question was not entirely clear. At the conclusion of the hearing, plaintiff's attorney asked the court "prior to issuing its entry order [to] revisit the respective memoranda that were written by both sides," insofar as the parties did not have an opportunity to discuss all of the directives from the March 13, 2013 order. The attorney asserted that plaintiff's arguments supported a finding of contempt, or alternatively, a finding that plaintiff was entitled to recover her attorney's fees for seeking contempt. The court responded: "Fair enough."

Thus, we have a situation in which both parties, including plaintiff, acquiesced through their attorneys in a procedure by which the court would consider plaintiff's motion for contempt based solely on the parties' written submissions and oral arguments at the nonevidentiary hearing. The court indicated at the hearing that it was going to deny the motion for contempt and plaintiff's request for attorney's fees because the critical deferred-compensation provision in the final divorce order was not entirely clear. The court also stated that plaintiff's concerns about obtaining information regarding any distributions from defendant's deferred-compensation plan could be alleviated by obtaining defendant's complete tax returns. On appeal, plaintiff asks this Court to reverse the family division's denial of her motion for contempt, to sanction defendant, and to direct the family division to order defendant to comply with the directives in the March 13, 2013 order. Plaintiff does not, however, specify which directives in the March 13, 2013 order have not been followed or explain how defendant's detailed written responses to her motion were insufficient. Plaintiff complains that the court did not respond to her motion for contempt in its entirety, but at the hearing, the court indicated what it was going to do, and plaintiff acquiesced in this procedure, while asking the court to reconsider its oral rulings after revisiting the parties' memoranda. Ultimately, the court did exactly what it indicated it was going to do at the hearing after presumably reviewing the parties' memoranda. Under these circumstances, we discern no basis for overturning the family division's denial of plaintiff's motion for contempt or its refusal to assess attorney's fees. See Vt. Women's Health Ctr. v. Operation Rescue, 159 Vt. 141, 147 (1992) (stating that complainant has "burden to prove the elements of civil contempt by clear and convincing evidence" and that "we will not disturb [the trial court's] judgment unless the court's discretion was entirely withheld or was exercised on grounds clearly untenable" (quotation omitted)); see also In re Ferrera & Fenn Gravel Pit, 2013

VT 97, ¶ 8, 195 Vt. 138 (stating that it is appellant's burden to demonstrate how trial court erred warranting reversal).

        Affirmed.

BY THE COURT:

_____

Paul L. Reiber, Chief Justice

_____

John A. Dooley, Associate Justice

_____

Marilyn S. Skoglund, Associate Justice